T.C. Memo. 2015-252

UNITED STATES TAX COURT

JEFFERY R. SIMMONS AND PATRICIA M. SIMMONS, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8966-15.                    Filed December 30, 2015.

Jeffery R. Simmons and Patricia M. Simmons, pro sese.

<u>Evan K. Like</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  Respondent determined a $5,907 deficiency in petitioners'

2012 Federal income tax and a $1,181 accuracy-related penalty under section

6662(a).[1]  Respondent concedes that petitioners are not liable for the accuracy-

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year at issue, and all Rule references are to the Tax
(continued...)

**[*2]** related penalty under section 6662(a).  The issues remaining for decision are: (1) whether petitioners had unreported income of $4,117 from the sale of securities; (2) whether petitioners are entitled to an earned income credit (EIC); and (3) whether petitioners are entitled to an American Opportunity Credit.  All numbers are rounded to the nearest dollar.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.[2]  The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Petitioners resided in Ohio at the time they filed their petition.

During 2012 petitioners opened a trading account with TD Ameritrade (TD Ameritrade account).  On October 16, 2012, petitioners used their TD Ameritrade account to purchase 17,886 shares of TagLikeMe Corp. stock (TagLikeMe stock) for $2,191.  On November 2, 2012, petitioners used their TD Ameritrade account to sell their TagLikeMe stock for $6,500.  Petitioners also used their TD Ameritrade account to purchase and sell shares of stock in other corporations

---

[1](...continued)
Court Rules of Practice and Procedure.

[2]On November 2, 2015, the date of trial, petitioner Patricia Simmons appeared on behalf of petitioners and testified and signed the stipulation of facts.

[*3] during 2012.  In the aggregate these purchases and sales of stocks other than TagLikeMe yielded losses of approximately $192.

Petitioners timely filed their 2012 joint Federal income tax return. Petitioners reported $5,940 of "Wages, salaries, tips, etc." and $19,512 of "Business income".  In addition petitioners claimed a $5,633 EIC and a $274 American Opportunity Credit.  Petitioners did not report any income from the sale of securities on their 2012 tax return.

On December 29, 2014, respondent issued to petitioners a notice of deficiency for the taxable year 2012.  Petitioners timely filed a petition disputing the determinations in the notice of deficiency.

OPINION

1. Unreported Income

Gross income includes all income from whatever source derived, including gains derived from dealings in property.  Sec. 61(a).  A taxpayer must recognize gain on the sale of stock in an amount equal to the difference between the amount realized and his or her basis.  Secs. 1001, 1012.  There is no dispute that petitioners purchased 17,886 shares of TagLikeMe stock on October 16, 2012, for $2,191 and subsequently sold the shares on November 2, 2012, for $6,500.  The difference between the amount realized from the sale of the TagLikeMe stock

**[\*4]** ($6,500) and the cost basis of the stock ($2,191) is includable in petitioners'

2012 gross income.[3]  Because petitioners also realized aggregate losses of $192

from other stock transactions in 2012, they are entitled to apply the $192 loss

against their gain from the disposition of TagLikeMe stock.  See sec. 1211(b).

Accordingly, we hold that petitioners received $4,117 in taxable income resulting

from stock transactions in their TD Ameritrade account.

2.  Earned Income Credit

Petitioners claimed a $5,633 EIC for 2012.  Section 32(a)(1) permits an

"eligible individual" an EIC.  Section 32(i) disallows the EIC for certain taxpayers

and, in pertinent part, provides:

> SEC. 32(i).  Denial of Credit for Individuals Having Excessive
> Investment Income.--
>
> (1) In general.--No credit shall be allowed under
> subsection (a) for the taxable year if the aggregate amount of
> disqualified income of the taxpayer for the taxable year exceeds
> $2,200.
>
> (2) Disqualified income.--For purposes of paragraph (1),
> the term "disqualified income" means--
>
> \*　　\*　　\*　　\*　　\*　　\*　　\*

---

[3]At trial Ms. Simmons acknowledged that petitioners' gain on the sale of
TagLikeMe stock was includable in their gross income; however, she testified that
when they filed their 2012 tax return petitioners were unaware that the gain was
reportable as income.

**[*5]**                       (D) the capital gain net income (as defined in
section 1222) of the taxpayer for such taxable year * * *

Section 32(j) provides for an inflation adjustment. For 2012 the aggregate amount

of disqualified income specified in section 32(i)(1) is adjusted for inflation to

$3,200. See Rev. Proc. 2011-52, 2011-45 I.R.B. 701.

The term "capital gain net income" in section 32(i)(2)(D) is defined in

section 1222(9) to mean "the excess of the gains from sales or exchanges of

capital assets over the losses from such sales or exchanges." There is no dispute

that petitioners' shares of stock, which they purchased and sold during 2012, are

capital assets. See sec. 1221. Pursuant to section 32(i), petitioners' disqualified

income for 2012 is $4,117, which exceeds the $3,200 threshold for entitlement to

an EIC. Accordingly, petitioners are not entitled to an EIC for 2012.

3. American Opportunity Credit

Respondent disallowed petitioners' claimed American Opportunity Credit

for 2012. The American Opportunity Credit is a modified version of the Hope

Scholarship Credit and is in effect for tax years 2009 to 2018. Sec. 25A(i). The

American Opportunity Credit provides for a credit against tax equal to "(A) 100

percent of so much of the qualified tuition and related expenses paid by the

taxpayer during the taxable year * * * as does not exceed $2,000, plus (B) 25

[*6] percent of such expenses so paid as exceeds $2,000 but does not exceed

$4,000." Sec. 25A(i)(1). The credit phases out for taxpayers whose modified

adjusted gross income exceeds $80,000, or $160,000 for married taxpayers filing

joint returns. Sec. 25A(i)(4). In addition, up to 40% of this credit may be

refundable. Sec. 25A(i)(5). Petitioners did not introduce any evidence tending to

show that they were entitled to the American Opportunity Credit for 2012.

Accordingly, we sustain respondent's disallowance of the American Opportunity

Credit.[4]

     To reflect the foregoing,

Decision will be entered for

respondent as to the deficiency and

for petitioners as to the accuracy-

related penalty under section 6662(a).

---

[4]The Commissioner's determinations in the notice of deficiency are generally presumed correct, and taxpayers bear the burden of proving that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).